Battle, J.
The demurrer is founded1 mainly on the objection that Larkin Hodges, is not made a party to the suit.— With respect to him the bill charges that the defendants, as the duly authorised agents of the plaintiff, compromised the matters in dispute between him and the said Hodges, and fraudulently took from the latter a conveyance for the slaves, now in controversy, to themselves instead of the plaintiff, as they ought to have done. The bill sets up no claim against Hodges, and prays for no relief against him. He is then, according to the allegation of the bill, an assignor, all of whose interest has been transferred to- the defendants, and this is admitted by the demurrers. In such a case it is settled, that the assignor is not a necessary party to a bill, seeking relief against the assignee alone ; Polk v. Gallant, 2 Dev. and Bat. Eq. 395; Thompson v. McDonald, ib. 463. See also Thorpe v. Ricks, 1 Dev. and Bat. Eq. 613.
The more general ground of demurrer for want of equity in the bill, is equally untenable. The allegations are, that the’ plaintiff was old, illiterate, unacquainted with business, feeble-minded, and friendless; that he had just been grossly deceived by his nephew, and was likely to be greatly injured by him; that the defendants, one of whom was the sheriff of the county, and the other had been so, came to- him, professed to be his friends, and proposed to become his attorneys in fact, with no purpose of gain to themselves, but solely with the *429 view to recover his slaves, which the sons of his nephew had wrongfully carried off, and to assert his rights against that nephew; that under these circumstances, the defendants, by the fraudulent means set forth in the bill, obtained the conveyances for his land and slaves, against which it is the object of the bill to obtain relief. The facts thus related, are admitted by the demurrer to be true, and it would be a reproach to any court, professing to be governed by the principles of equity and good conscience, not to give the relief prayed. This Court, at least, will not hesitate to do so; and, in doing so, it is only carrying out the principles established by former adjudications. See Buffalow v. Buffalow, 2 Dev. and Bat. Eq. Rep. 241, and Deaton v. Monroe, 4 Jones’ Eq. 89, and the cases therein cited.
The demurrer is overruled with costs, and this will be certified to the Court below, to the end that the defendant may be ordered to answer the bill.
Per Curiam, Demurrer overruled.